CUKER INDUSTRIES, INC., Respondent, v. WILLIAM L. CROW CONSTRUCTION Co. et al., Doing Business as CROW-STEERS-SHEPHERD CONSTRUCTION Co., INC., Appellants.

First Department, October 21, 1958.

*William F. Koegel* of counsel (*Caesar L. Pitassy* with him on the brief; *Royall, Koegel, Harris & Caskey,* attorneys), for appellants.

*Louis Wilk* for respondent.

*Per Curiam.* This consolidated appeal is from the denial of two motions to strike the third cause of action for insufficiency.

The first and second causes of action (combined into a single cause of action by an amended complaint) allege a breach of an agreement involving the sale of machinery and equipment owned by the defendant Shepherd Construction Co., Inc.

The third cause of action, seeking recovery for loss of profits, is asserted against a joint venture, consisting of Shepherd and others. It charges that the plaintiff was deprived of the profits on the sales of machinery and equipment because of a conspiracy in which Shepherd authorized the joint venture to offer the machinery and equipment at a lower price to a customer from whom the plaintiff had a firm offer. The pleading also charges that, although the names of other prospective purchasers with whom the plaintiff was negotiating had been made known to Shepherd, the joint venture similarly offered some of the machinery and equipment to them and that as a result plaintiff was unable to consummate the sales.

The pleading does not allege ultimate facts sufficient to state a cause of action either of tortious interference with a business opportunity or a tortious inducement to breach the contract already in existence between the plaintiff and Shepherd.

In seeking to sustain the cause of action under attack the plaintiff relies heavily upon *Keviczky* v. *Lorber* (290 N. Y. 297). Unlike this case, in *Keviczky* no cause of action for breach of contract was pleaded. Instead, it was alleged and found as a fact after trial, that the wrongful acts occurred on the eve of the consummation of a contract between the principles. The theory upon which recovery was approved was the tortious interference with a business opportunity or valuable asset of the plaintiff's business. It was upon this theory, too, that the complaints in *Horn* v. *Isbrandtsen Co.* (4 A D 2d 855) and *Williams & Co.* v. *Collins Tuttle & Co.* (6 A D 2d 302) were sustained by this court. The distinction becomes manifest since the recovery sought is for loss of profits.

The allegation of a civil conspiracy, without more, does not in and of itself give rise to a cause of action. The actionable wrong lies in the commission of a tortious act, or a legal one by wrongful means, but never upon the agreement to commit the prohibited act standing alone. The allegations of conspiracy serve to enable a plaintiff to connect a defendant with the acts of his co-conspirators where without it he could not be implicated. (See *Green* v. *Davies,* 182 N. Y. 499, 504; *Rhodes* v. *Ocean Acc. & Guar. Corp.,* 235 App. Div. 340; *Brackett* v. *Griswold,* 112 N. Y. 454, 466, 467; *Miller* v. *Spitzer,* 224 App. Div. 39; *Cohen* v. *Fisher & Co.,* 135 App. Div. 238; *Moskin* v. *Lyden,* 200 App. Div. 304.)

The breach by Shepherd realleged in the third cause of action adds nothing to the complaint, since one contracting party does not have a cause of action against the other for conspiring to breach the contract, or for that matter for inducing the breach (*Labow* v. *Para-Ti Corp.,* 272 App. Div. 890; *Friedman* v. *Roseth Corp.,* 270 App. Div. 988, affd. 297 N. Y. 495; *Schulman* v. *Royal Ind. Bank,* 280 App. Div. 401; but see *Buckley* v. *112 Central Park South,* 285 App. Div. 331). A different question is presented with respect to those in the joint venture other than Shepherd. The plaintiff's right to recover would then be grounded on their acts in inducing Shepherd to breach its contract with the plaintiff. In such case, the joint venture defendants would be severally liable, and the existence of a cause of action in contract against Shepherd would not affect the plaintiff's right of action against the tort-feasors (*Hornstein* v. *Podwitz,* 254 N. Y. 443; *Schulman* v. *Royal Ind. Bank,* 280 App. Div. 401, 403, *supra*).

The orders should be modified on the law, and the motions to dismiss the third cause of action for insufficiency granted, with $10 costs to each appellant. Leave is granted to the plaintiff to replead within 10 days after the service of a copy of the order, with notice of entry. As so modified the orders should be affirmed, with $20 costs and disbursements to appellants.

BREITEL, J. P., M. M. FRANK, VALENTE, McNALLY and STEVENS, JJ., concur.

Orders so far as appealed from unanimously modified on the law, so as to grant the separate motions to dismiss the third cause of action for insufficiency, with $10 costs, with leave to plaintiff to replead within 10 days after service of a copy of the order filed herein, with notice of entry. As so modified, the orders are affirmed, with $20 costs and disbursements to the appellants.