William Lymah, J.
Motion pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice to dismiss the complaint for failure to state a cause of action. This is an action by an employee against his former employer, stemming from his removal from his employer’s active employment roll. The employer had a collective bargaining contract with Utility Workers Union of America, which contract covered plaintiff. The contract provided that employees may be discharged only ‘ ‘ for reasonable cause, ’ ’ and further provided for grievance machinery leading to arbitration.
Plaintiff’s first cause of action is based on a conspiracy between defendant and the union to injure plaintiff and cause him to lose his employment and the benefit of the collective bargaining contract. Plaintiff claims that in furtherance of the conspiracy the employer and the union agreed not to permit the matter to be submitted to arbitration.
In his second cause of action, plaintiff demands wages due him under his individual contract of employment, and in his third cause of action, plaintiff seeks reinstatement, alleging he has no adequate remedy at law.
It is settled law in this State that under a collective bargaining agreement the union represents all the employees as to covered matters, and the employees by becoming beneficiaries to the contract, give up to the union, as their representative, their individual rights to sue or litigate as to the contract (Chupka v. Lorenz-Schneider Co., 12 N Y 2d 1). Plaintiff’s wages were covered by said agreement. Plaintiff therefore may not bring an action against his employer based on the collective bargaining agreement.
The collective bargaining agreement supersedes any individual agreements which plaintiff may have had with his employer as to matters covered by it (Metropolitan Life Ins. Co. v. Durkin, 195 Misc. 1040, affd. 276 App. Div. 394, affd. 301 N. Y. 376). Thus, plaintiff may not base a cause of action on any such agreement either.
Plaintiff’s second and third causes of action are based on the collective bargaining agreement and the alleged individual agreement between plaintiff and defendant. Therefore, both causes of action are dismissed for legal insufficiency.
*344 Having decided that plaintiff was not a party to the collective bargaining agreement, we must dismiss, as irrelevant, defendant’s argument for the dismissal of the first cause of action, that an action for conspiracy to breach a contract will not lie against a party to the contract. The rule, correctly stated, is: “ one contracting party does not have a cause of action against the other for conspiring to breach the contract, or for that matter inducing the breach ” (Cuker Ind. v. Crow Constr. Co., 6 AD 2d 415, 417; emphasis added). This is not a suit between two contracting parties, however, and hence this rule does not apply.
It has been held that plaintiff, by alleging that defendant employer conspired with the union, alleges a common-law right of action, grounded in tort — conspiracy to deprive him of his rights under the collective bargaining agreement, and actual deprivation of such rights (cf. McGinnis v. Brotherhood of Ry. Clerks, 75 N. J. Super. 517, 521). Neither counsel has cited any case in this jurisdiction which treats of this precise issue, and this court has not been more successful on its own initiative. Nevertheless, this court is in agreement with the aforesaid recent holding of a court in our sister State. Accordingly, it is my opinion that this form of action may also be pursued in our courts.
However, it does not appear that a conspiracy has been properly alleged. Mere allegations of conspiracy, in and of themselves, are of no value as stating a cause of action. There must be a showing that the conspiracy was unlawful and how and what the steps were which are illegal or fraudulent (Wood v. Amory, 105 N. Y. 278). Plaintiff failed to allege ultimate facts of a tortious nature in support of his conclusory allegations regarding a conspiracy entered into by the defendant and the union.
1 ‘ The allegation of a civil conspiracy, without more, does not in and of itself give rise to a cause of action. The actionable wrong lies in the commission of a tortious act, or a legal one by wrongful means, but never upon the agreement to commit the prohibited act standing alone. The allegations of conspiracy serve to enable a plaintiff to connect a defendant with the acts of his co-conspirators where without it he could not be implicated” (Cuker Ind. v. Crow Constr. Co., supra, p. 417).
For the reasons stated, the first cause of action is also dismissed, but with leave to serve an amended complaint as to this cause, if plaintiff be so advised, within 20 days after service of a copy of this order, with notice of entry thereof.