See also D.C., 226 F.Supp. 972.

**Ralph COOPER, Plaintiff,**

v.

**The NORTH JERSEY TRUST CO. OF RIDGEWOOD, NEW JERSEY, Inc., et al., Defendants.**

United States District Court
S. D. New York.
March 16, 1965.

Hoeniger & Rozen, New York City, for plaintiff, Berthold H. Hoeniger, New York City, of counsel.

Townsend & Lewis, New York City, for defendant Reynolds & Co., Eliot H. Lumbard, Michael A. Berch, Richard L. Rose, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge:

The individual defendants named in this action are all general partners of Reynolds & Co., stock brokers, and will be referred to as the Reynolds defendants. These defendants move to dismiss the complaint and various separate counts of the complaint as against them pursuant to Rule 12(b) (1), (2) and (6), F.R. Civ.P., on various grounds of want of subject matter and personal jurisdiction and legal insufficiency.

The action arises out of the alleged conversion from plaintiff Cooper of 700 shares of Mesabi Iron, a stock listed on the New York Stock Exchange, and 200 shares of Drilling & Exploration, listed on the American Stock Exchange. These securities had been purchased by Cooper through a New York broker Shields & Company (Shields) with monies borrowed from First Discount Corporation (Discount) which was engaged in making loans of this nature, apparently to avoid compliance with current margin requirements. The stock so purchased was delivered by Shields on Cooper's behalf to defendant North Jersey Trust Company (NJTC) to be held in New Jersey as collateral for loans made to enable Cooper to purchase such stock through Shields. Apparently NJTC had made payment directly to Shields for the account of Discount as a loan to Cooper.

Discount, hopelessly insolvent, is now defunct and in the hands of a receiver appointed by this court in an action by the Securities and Exchange Commission to enjoin it from further interstate dealings in securities in violation of federal law. See Esbitt v. Dutch-American Mercantile Corp., 335 F.2d 141 (2 Cir. 1965); Esbitt v. Paul L. Forchheimer & Co., 300 F.2d 153 (2 Cir. 1962) (per curiam). This suit is one of a number of actions arising out of the activities of Discount.

Cooper alleges that the stock which was deposited with NJTC as collateral for his Discount loan was delivered by NJTC to the Ridgewood, New Jersey, office of Reynolds & Co. without authority from him and in contravention of his rights and was sold by Reynolds on the New York and American Stock Exchanges. He claims that such delivery and sale were wrongful and constituted a conversion of his property for which NJTC and the Reynolds defendants are liable in common law conversion, under various sections of the Securities Acts of 1933 and 1934 and the rules thereunder and other federal laws.

Cooper, who is a citizen and resident of New York, states that he is not attempting to sue Reynolds & Co., which is a New York partnership, as an entity. Instead he claims that he is suing as individuals only those general partners of Reynolds & Co. who are named as defendants in the complaint, all of whom are citizens and residents of states other than New York.

The complaint contains 12 separately stated and numbered counts. Six of these (I through IV, X and XI) are laid solely against defendant NJTC and are not directly involved on this motion. Five (V through VIII and XII) are laid solely against the Reynolds defendants. Count IX is laid against both NJTC and the Reynolds defendants.

Counts V, VI and VII purport to be based on various sections of the Securities Act of 1933 and the Securities Act of 1934, and rules and regulations promulgated under them. Count VIII is based on 18 U.S.C. § 2314, the criminal statute that prohibits the interstate transportation of stolen property. Count IX proceeds on the theory of civil conspiracy. Count XII purports to sound in common law conversion.

As to the claims alleged to arise under the Securities Acts and 18 U.S.C. § 2314, Cooper asserts that this court has federal question jurisdiction under § 27 of the 1934 Act, 15 U.S.C. § 78aa, and 28 U.S.C. §§ 1331 and 1337. As to the civil conspiracy and conversion claims, jurisdiction is asserted to be pendent and also to be based on diversity of citizenship under 28 U.S.C. § 1332.

Before proceeding to a detailed discussion of the allegations of the complaint and the legal sufficiency of the various counts attacked by the Reynolds defendants, the jurisdictional questions raised should be disposed of.

*1.*

*Subject matter jurisdiction as to Counts IX and XII*

The Reynolds defendants seek to have Counts IX and XII dismissed under Rule 12(b) (1), F.R.Civ.P., on the grounds that they do not arise under federal law, that the court lacks pendent jurisdiction of them and that there is no diversity of citizenship between Reynolds & Co., a New York partnership, and the New York plaintiff.

■ It appears that there is plainly diversity jurisdiction here. It is true that the Reynolds defendants are named in the title of the action both "individually and as co-partners," and that it is alleged in the body of the complaint that they were all partners doing business as Reynolds & Co. at 120 Broadway, New York City.

On the argument of the motion, however, and in his brief plaintiff disclaims any intention of suing the Reynolds & Co. partnership as an entity and asks leave to drop the words "and as co-partners" from the title of the action. If these words are eliminated from the caption, as they will be, the action is plainly against a New Jersey corporation and 16

individual defendants, all of whom are citizens and residents of states other than New York, the state of plaintiff's citizenship and residence. At least on the face of the complaint, as it will read, there is thus diversity jurisdiction.

Quite apart from this, however, it would appear that there is pendent jurisdiction here also, though it is unnecessary to pass on that question. See Ackert v. Ausman, 198 F.Supp. 538, 545 (S.D.N.Y. 1961), mandamus denied, sub nom. Ackert v. Bryan, 2 Cir., 299 F.2d 65 (1962); 2 Loss, Securities Regulation 1006–11 (2d ed. 1961). Compare Judge Feinberg's decision on pendent personal jurisdiction as to the claims against NJTC in this same complaint. Cooper v. North Jersey Trust Co., 226 F.Supp. 972 (S.D. N.Y.1964).

### 2.

#### *Personal jurisdiction as to Counts VII, VIII, IX and XII*

Of the 16 individual Reynolds defendants only two were served with process in the State of New York. The 14 others who were served outside the state have moved to dismiss Counts VII, VIII, IX and XII for want of personal jurisdiction over them.

■ Count VII is alleged to arise under § 17(a) of the Securities Act of 1933, and § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 77q(a), 78j(b). Since § 22(a) of the 1933 Act and § 27 of the 1934 Act, 15 U.S.C. §§ 77v(a), 78aa, authorize the extraterritorial service made here the contention of the defendants with respect to that count is meritless.

■ As to Counts VIII, IX and X, Rule 4(d) (7), F.R.Civ.P., provides that service may be made on an individual defendant in any manner authorized by the laws of the state. New York C.P.L.R., §§ 302(a) and 313 provide that service as to a cause of action arising from any

of the acts enumerated may be made outside of the state upon any defendant "in the same manner as if he were a domiciliary of the state, if, in person or through an agent he: 1. transacts any business within the state; or 2. commits a tortious act within the state * * * or 3. owns, uses or possesses any real property situated within the state." It is conceded that the Reynolds defendants transact business in New York and own real property there. It is also alleged by the plaintiff that the securities involved were sold by Reynolds & Co. on the New York and American Stock Exchanges in the City of New York, and that this constituted a tortious conversion of his property. Under such cases as Deveny v. Rheem Mfg. Co., 319 F.2d 124 (2 Cir. 1963), there appears to be in personam jurisdiction over these 16 defendants under N.Y.C.P.L.R. §§ 302(a) and 313, at least on the face of the complaint.[1]

It may also be noted that Judge Feinberg in denying a motion by NJTC to dismiss the nonfederal claims alleged against it in this complaint for want of personal jurisdiction, held that there was pendent personal jurisdiction here, 226 F.Supp. at 980–982. But see Schwartz v. Bowman, 156 F.Supp. 361 (S.D.N.Y. 1957), appeal dismissed sub nom. Schwartz v. Eaton, 264 F.2d 195 (2 Cir. 1959). 2 Loss, Securities Regulation 1011–13 (2d ed. 1961). In view of the fact that there was good extraterritorial service under Rule 4(d) (7) and N.Y.C. P.L.R. §§ 302(a), 313 on the Reynolds defendants it is unnecessary for me to pass on question of pendent personal jurisdiction as to them.

I turn to the branch of the Reynolds motion which seeks to dismiss the complaint for failure to state a claim upon which relief can be granted.

The complaint here is a confusing document. Plaintiff has adopted a rather curious technique in drafting it, and he seems to think that the complaint repre-

---

1. I assume that the two Reynolds defendants on whom extraterritorial service was made a few days before N.Y.C.P. L.R. § 302(a) went into effect do not press the claim that service upon them should be vacated on this ground and that they will not require that service be made on them again.

sents some sort of extension of the theory of notice pleading. He contends that each separately stated and numbered count sets forth a separate legal theory of recovery upon a single set of operative facts.

But this is not the way the complaint is drawn. Instead of alleging a single set of facts and separately stating in separate counts the various legal theories upon which recovery is claimed, each successive count against the Reynolds defendants, with the exception of Count XII, the common law conversion count, successively incorporates all of the legal theories upon which recovery is predicated in the counts previously alleged and adds an additional theory to them. The result is that as one progresses through the complaint the successive counts become increasingly cumulative and duplicitous.

This method of pleading does not lend itself to an intelligent framing of the issues or to the orderly progression of the action through the courts for final disposition. By electing to proceed in this manner plaintiff has departed from the simple theory of notice pleading permitted by the Federal Rules of Civil Procedure and has produced a complaint so complicated and unwieldy that defendants will have great difficulty in framing a pleading that will be responsive.

It appears that there is material to support theories on which relief can be granted spread throughout this complaint. But there is neither "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a) (2), F.R.Civ.P., nor, indeed, anything other than a potpourri of allegations, many of them duplicitous and intermingled in a most confusing fashion.

Plainly, the Reynolds defendants are not entitled to a final dismissal of the entire complaint for failure to state a claim upon which relief can be granted. However, it is equally plain that this complaint requires radical correction. I will therefore consider plaintiff's motion as addressed to the sufficiency of the respective individual counts and also to seek relief under Rule 12(e) upon the ground that the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," and under Rule 12(f) on the ground that it contains redundant and immaterial matter.

### Count V

The fifth count is based on § 7 of the Securities Exchange Act of 1934, 15 U.S.C. § 78g, relating to margin requirements and the Federal Reserve regulations issued thereunder. 12 C.F.R. §§ 220.1–221.114.

In his opinion on the NJTC motion to dismiss Judge Feinberg held that Count I against NJTC based on alleged violation of § 7 and Federal Reserve Regulation U, 12 C.F.R. §§ 221.1–.4, by that defendant stated a claim upon which relief could be granted. 226 F.Supp. at 976–977. He went on the theory that it could be inferred from the allegations against NJTC that the arrangements between Discount and NJTC had violated § 7(d) and particularly Regulation U.

However, Judge Feinberg's decision is not apposite to Count V against the Reynolds defendants based on the same section and regulations. Whereas the count against NJTC could be construed to allege a violation by NJTC of the regulations, Count V against the Reynolds defendants cannot be so construed. Count I alleges, inferentially at least, that NJTC participated with Discount in violating the margin requirements to the plaintiff's detriment, and that this may have resulted in a loss of the plaintiff's securities. But no facts are alleged in Count V to the effect that Reynolds had any arrangements with Discount or NJTC which violated § 7, and such facts cannot be implied from the allegations of the count.

▆ All that is charged is that the original purchase of the securities by plaintiff through the loans from NJTC and Discount violated § 7 and the regulations, that NJTC caused securities belonging to the plaintiff to be sold through

Reynolds for the account of Discount and that Reynolds knew or had reason to know that they were not the property of Discount or NJTC. That does not make out a violation of Regulation U by Reynolds.

Discount and NJTC may have violated the regulation, but all that Reynolds can be said to have done was in the course of its business to perform a brokerage service for NJTC with knowledge of the Discount and NJTC violations. This does not make Reynolds a violator of § 7 or the regulations. Any violation that had occurred had already been completed by the time that Reynolds is alleged to have entered the picture.

█ The vacuum is not filled by the allegation that "Reynolds knew or had reason to know that its arrangements and course of conduct with North Jersey Trust * * * and its sale of said Securities was in violation of Section 7 * * and the regulations * * *." The conclusory allegation as to knowledge or reason to know of a violation of § 7 is a mere bootstrapping device when there is no sufficient allegation that such a violation occurred. This device cannot avail the plaintiff when the rather detailed facts which he has chosen to allege in this count do not support and, indeed, seem to negative the ambiguous conclusion which is alleged.

At best, on the facts as alleged in the count, there is a simple conversion by Reynolds of plaintiff's securities which occurred after others had violated § 7. The Reynolds' conversion is not dependent upon or related to any violation by Reynolds of the margin requirements, nor, indeed, to the alleged violations by Discount and NJTC. See Barnett v. Anaconda Co., 238 F.Supp. 766 (S.D.N.Y. 1965) and cases there cited.

But this is not necessarily the end of the matter insofar as the complaint as a whole is concerned. As I will point out later, Count IX is based on the nontenable theory of civil conspiracy and cannot stand. But it contains allegations which might not be irrelevant to a claim against

Reynolds based on § 7. I do not pass on that question here. At least the plaintiff should be given an opportunity to amend, particularly since the entire complaint will have to be amended in any event in order to put it in reasonable order.

Since present Count V is insufficient for failure to allege a violation of § 7, and the plaintiff will be given an opportunity to amend his complaint, it is unnecessary to determine at this point whether the count as it now stands is also insufficient on the grounds on which Judge Wyatt dismissed the § 7 count against Reynolds in Meisel v. North Jersey Trust Co., 218 F.Supp. 274 (S.D.N.Y. 1963).

### Counts VI and VII

█ Count VI against the Reynolds defendants is based on §§ 10(b) and 10(a) of the 1934 Act, 15 U.S.C. §§ 78j(b), (a), and the rules and regulations thereunder. 17 C.F.R. §§ 240.10a–1—.10b–9. Apparently plaintiff proceeds on the theory that there was a "manipulative or deceptive device or contrivance" used by Reynolds in violation of § 10(b) and of the regulations and a short sale in violation of § 10(a) and the regulations. There is no specification of what regulations are claimed to have been violated, or what violations are claimed to have occurred.

Count VII is also based on § 10(b) and the regulations thereunder. It proceeds on the same bootstrapping approach used in Count V that "Reynolds knew or had reason to know that the acts and conduct on its part and on the part of North Jersey Trust and of First Discount Corporation were part of and constituted a device, scheme or artifice to defraud" in violation of § 10(b) and "particularly, but without limitation" Rule 10b–5, 17 C.F.R. § 240.10b–5. The same allegations are also made with respect to § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). Here, too, with the exception of the mention of Rule 10b–5 "particularly, but without limitation" there is no specification of what rules and regulations are claimed to have been violated,

or what violations are claimed to have occurred either under § 10(b) or § 17(a).

Both counts reallege the theory already alleged in Count V based on § 7, which I have held to be insufficient, and are plainly duplicitous in that respect. Count VII also realleges whatever theories based on §§ 10(b) and 10(a) have already been alleged in Count VI.

With this confusing melange of conclusory allegations it is impossible to tell on what theory the plaintiff is proceeding, or, indeed, if these counts are sufficient on any theory. It does not appear whether the theory of Count VII is basically any different from the theory in Count VI, or whether plaintiff is relying on the transactions involving the purchase of these stocks through the NJTC and Discount loans or the sale of the stock by Reynolds or both. It does not appear in what respects § 10(a) and the regulations thereunder are claimed to have been violated, or which regulations are relied on. There are ten pages of regulations under §§ 10(b) and 10(a) and it is scarcely the job of the court to comb them to determine what possible violations may have occurred or to require the defendants to do so either. Section 17(a) of the 1933 Act applies only in connection with the *purchase* of securities and where it fits into the picture, if at all, is obscure to say the least. Moreover, whether the decision of Judge Feinberg upholding the sufficiency of the § 10(b) counts as to NJTC, 226 F.Supp. at 977–979, supports any claims against Reynolds defendants or whether the holding of Judge Wyatt in the *Meisel* case that the counts against Reynolds there based on § 10(b) were insufficient, 218 F.Supp. at 278–279, is apposite, cannot be determined in the present state of the pleading.

These two counts are so vague, indefinite, ambiguous and apparently duplicitous that I am unable to perceive upon what theory plaintiff is proceeding, or whether he has any theory which can be supported under the limited facts alleged. Defendants "cannot reasonably be required to frame a responsive pleading" to them. Rule 10(e).

An amended complaint is necessary here in any event. If properly drawn it should serve to clarify the plaintiff's claims and enable defendants to frame a responsive pleading. The comments anent Count IX previously made in the discussion of Count V also apply in connection with Counts VI and VII.

### Count VIII

■ This count is based on alleged violation of 18 U.S.C. § 2314, a criminal statute prohibiting the interstate transportation of stolen property. For some incomprehensible reason the plaintiff also realleges the theory stated in Count V under § 7 of the Securities Exchange Act of 1934, which I have already held to be insufficient. Insofar as it does so the claim is plainly duplicitous and to that extent must be stricken.

Judge Feinberg dismissed Count IV against NJTC predicated upon § 2314 on the ground that violation of this section, a criminal statute of general application, does not give rise to a private federal right of action. 226 F.Supp. at 979–980. I fully agree with his reasoning and conclusions which are equally applicable to Count VIII against the Reynolds defendants. Count VIII must be dismissed since no relief can be granted on this theory and it will not be included in the amended complaint.

### Count IX

This count is laid against both NJTC and the Reynolds defendants and purports to sound in civil conspiracy. Plaintiff says in his brief (at pp. 50–51) that the conspiracy count "has substantial evidentiary and trial significance in connecting the defendants and their co-conspirators, and their acts, with one another." Plaintiff goes on to say that "it is hard to believe that movants apparently maintain that plaintiff should be deprived of the right to prove these allegations."

■ The inclusion of the conspiracy allegations in a separate count cannot be

justified on any such pretext of evidentiary necessity. The test of admissibility at trial is whether evidence is competent, relevant and material to the claim being tried, not whether it is pleaded in detail.

Judge Feinberg has already stricken Count IX as against NJTC, 226 F.Supp. at 982–983. For the reasons stated in his opinion it must also be stricken against the Reynolds defendants. In striking Count IX against NJTC Judge Feinberg granted leave to plaintiff "to file an amended complaint, incorporating in the other claims of the complaint any of the allegations stricken, where the plaintiff feels such incorporation would be appropriate." The same leave will be granted here.

*Count XII*

This count purports to sound in common law conversion. Strangely enough, however, while it is alleged that Reynolds received Cooper's securities from NJTC and sold them for the account of NJTC or Discount, there is no allegation included in Count XII to the effect that Reynolds knew or had reason to know that they were Cooper's property, though such allegations are sprinkled through the other counts.

Whether or not such allegations are essential to sustain a count for conversion against a stock broker under state law need not be decided now since presumably the amended complaint to be served will take this into account.

The complaint as it now stands will be dismissed as against the Reynolds defendants. Plaintiff is given leave to serve an amended complaint alleging such claims against the Reynolds defendants as may lie in law and are supported by facts. In any counts in which violations of sections of the Securities Acts and rules and regulations thereunder are charged, the violations charged and the sections and particular rules and regulations alleged to have been violated will be specified. Plaintiff may not, however, include in his amended complaint either the claim now alleged in Count VIII based on 18 U.S.C. § 2314, or Count IX insofar as it purports to sound solely on the theory of civil conspiracy. Duplicitous claims will be eliminated.

Plaintiff may have twenty-five (25) days from the date of this opinion to serve an amended complaint complying with this memorandum.[2]

It is so ordered.

2. The filing of this memorandum makes it unnecessary to pass on plaintiff's application to be relieved of the stipulation between the parties dated April 20, 1964.