Edward J. WILLEMS and Pan American Industries, Inc., on behalf of themselves and others similarly situated, Plaintiffs,

v.

BARCLAYS BANK D. C. O., Clifton Low-N-Chee, John Carter, William G. Stoll, Builders Guayana Ltd., "John Doe" and "Richard Roe," the last two names being fictitious, persons intended being those in conspiracy with the above named defendants, Defendants.

No. 65 Civ. 3392.

United States District Court
S. D. New York.

Dec. 30, 1966.

Seymour Launer, New York City, for plaintiffs.

Schlesinger & Berliner, New York City, for defendant Barclays Bank D. C. O.; Ephraim Berliner, New York City, of counsel.

## OPINION

COOPER, District Judge.

Defendant Barclay's Bank moves to dismiss plaintiffs' complaint. Motion granted.

Defendant contests this Court's jurisdiction, asserting a lack of diversity. We find that there is jurisdiction.

Plaintiff Willems is a New York citizen, while plaintiff Pan-American Industries is a Delaware corporation. Defendant Bank is a British corporation.

The diversity statute, 28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State, and foreign states or citizens or subjects thereof; and

(3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

\*     \*     \*     \*     \*     \*

(c) For purposes of this section \* \* \* a corporation shall be deemed a citizen of any State by which it has

been incorporated and of the State where it has its principal place of business \* \* \*.

Defendant's contention that plaintiff Pan-American's principal place of business is British Guiana is sustained by the papers submitted. Defendant argues that section 1332(c) applies to Pan-American, making it a citizen of British Guiana for diversity purposes. If this were accepted, diversity jurisdiction would not exist, as there would not be complete diversity. There is no provision for jurisdiction when an alien (Pan-American) sues an alien (Barclays). See 1 Moore, Federal Practice ¶ 0.60 [8.4], p. 638; Mazzella v. Pan Oceanica A/S Panama, 232 F.Supp. 29 (S.D.N.Y.1964); Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806).

We conclude, however, that section 1332(c) does not give "dual citizenship" to a domestic corporation whose principal place of business is a foreign country. In Eisenberg v. Commercial Union Assurance Co., 189 F.Supp. 500 (S.D.N.Y.1960) the court held that section 1332(c) did not apply to a foreign corporation whose principal place of business was a State of the United States. In reaching this conclusion the court concluded that " \* \* \* the statute differentiates between States of the United States and foreign states by the use of a capital S for the word when applied to a State of the United States." Eisenberg v. Commercial Union Assurance Co., supra, 189 F.Supp. at 502.

Thus, adopting this reasoning, when section 1332(c) makes a corporation a citizen " \* \* \* of the State where it has its principal place of business \* \* \* " the Congressional purpose was that this provision would apply only to a State of the United States.

Moreover, the legislative history of section 1332(c) indicates that the problem it was designed to alleviate was the unfair choice of forum an essentially local corporation enjoyed because of its incorporation in a different State. See Chemical Transportation Corp. v. Metropolitan

Petroleum Corp., 246 F.Supp. 563, 565–66 (S.D.N.Y.1964). This problem does not exist here.

Pan-American is thus considered a Delaware citizen only; thus diversity jurisdiction exists.

### Plaintiffs' Causes of Action

■ Before discussing the legal sufficiency of plaintiffs' complaint, we cannot avoid noting plaintiffs' total failure to comply with, and tantamount to a complete avoidance of, the basic pleading requirements of Rule 8, F.R.Civ.P. Under any theory of pleading, the complaint must still give the defendant and the court at least a fair idea of what the plaintiff complains. See 2 Moore, Federal Practice, ¶ 8.13, p. 1705. The complaint here is " * * * a potpourri of allegations, many of them duplicitous and intermingled in a most confusing fashion." Cooper v. North Jersey Trust Co., 250 F.Supp. 237 (S.D.N.Y.1965). An exercise in extreme patience restrained our discarding it in its entirety.

■ Although we find that plaintiffs barely indicate one valid theory for relief, even as to it the complaint cannot stand without radical correction. Accordingly, we undertake to dispose of those so-called "causes of action" which are stricken for legal insufficiency.

(1) Plaintiffs request relief from the "illegal" foreclosure of a mortgage by defendant on plaintiffs' leasehold. They request that plaintiffs be declared the owner of the leasehold in question. An in rem declaration of title to foreign land is beyond the power of this Court. See 1 Moore, Federal Practice, sec. 2.1, pp. 1455–60; Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892); Smith v. Landis, 211 F.2d 166 (5th Cir. 1954).

(2) Plaintiffs assert that in foreclosing its mortgage defendant breached a duty to plaintiff Willems by destroying his mortgage interest. We find this cause of action without merit.

■ If plaintiff was the senior lienholder, the foreclosure by defendant does not affect his rights. See 4 American Law of Property, sec. 16.190. If plaintiff was the junior lienholder, defendant owed him no duty that prevented his foreclosure. See 4 American Law of Property, sec. 16.172, sec. 16.191.

■ (3) Plaintiffs' allegation of a conspiracy to deprive them of their property does not state a cause of action, for there is absent the requisite allegation of an act performed in furtherance thereof. See Cuker Industries v. William L. Crow Construction Co., 6 A.D.2d 415, 178 N.Y.S.2d 777 (App.Div.1958); Goldstein v. Siegel, 19 A.D.2d 489, 244 N.Y.S.2d 378 (App.Div.1963). A conspiracy charge serves only to connect a defendant with the acts of his co-conspirators. See Cuker Industries v. William L. Crow Construction Co., supra, 6 A.D.2d at 417, 178 N.Y.S.2d at 778. Since Barclays Bank is the only defendant served and is also the actor in the one claim to survive this motion, the conspiracy charge here is irrelevant.

■ (4) Plaintiffs urge this court to enjoin all United States foreign aid to British Guiana. Whether it be grounded upon plaintiffs' lack of standing (See Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923)) or the non-justiciability of this request (See Colgrove v. Green, 328 U.S. 549, 66 S.Ct. 1198, 90 L.Ed. 1432 (1946)) this claim obviously must be dismissed.

■ Plaintiffs' sole claim to survive —and this only by a faint gasp and because we are duty bound to strain—is the allegation that defendant breached its contract to loan plaintiffs $25,000, United States, by tendering $25,000, British Guiana. Although the papers submitted impressively support defendant's contention that the loan was for $25,000, British Guiana, we are constrained to hold that this disputed question of fact cannot be resolved by a preliminary motion.

The complaint as it now stands is dismissed. Within twenty days of the filing date of this disposition, plaintiffs may file an amended complaint setting forth

their claim for breach of contract. Let it be distinctly understood that plaintiffs may not, however, include in their amended complaint any claim herein dismissed for legal insufficiency.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.