SECURITIES AND EXCHANGE COM-
MISSION, Plaintiff,

v.

DUMONT CORPORATION et al.,
Defendants.

No. 69 Civ. 1420.

United States District Court,
S. D. New York.

Nov. 13, 1969.

Paul Chernis, Chief Atty., Securities & Exchange Commission, New York City, for plaintiff; David Greenberg, New York City, of counsel.

Rothman, Newfield & Miller, New York City, for defendant Seymour Pollack.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

MOTLEY, District Judge.

On April 8, 1969, The Securities and Exchange Commission (SEC) filed a summons and complaint against defendant Seymour Pollack, among numerous others, for alleged · violations of the Securities Act of 1933 and the Securities and Exchange Act of 1934.[1] On April 10, the SEC filed a notice of motion for preliminary injunction which was made returnable on May 6. After six unsuccessful attempts at personal service on defendant Pollack at his permanent residence in New Jersey between April 10 and April 24, the summons and complaint were nailed on the door of defendant's permanent residence and copies were sent in the regular mail on April 24.[2]

Defendent also resisted receiving the notice of the motion. The SEC sent the notice by certified mail on April 10 and April 23 to his permanent residence; both were refused even though someone at defendant's residence was informed that the letter was at the post office on April 24 and April 30. Defendant filed no answer or motion before the hearing on May 6.

On May 6, Judge Metzner granted a preliminary injunction against defendant Pollack on his default which was signed the next day.

Defendant makes his motion to dismiss under Rules 12 and 65, but the motion cannot be treated as an ordinary Rule 12 motion. Over 5 weeks before defendant served his motion papers, a preliminary injunction had been granted against defendant in default. Since a preliminary injunction is a judgment under Rule 54 (a), the court will treat this motion as a motion to set aside a default judgment, Rule 55(c), which must meet the requirements of Rule 60(b).[3]

Defendant has a colorable claim only under Rule 60(b) (4) which gives the court, in its sound discretion, power to set aside a judgment when "the judgment is void."[4] Defendant argues that the court lacked personal jurisdiction over him when the judgment was issued. If the court lacked personal jurisdiction over defendant, then the judgment would be void as to defendant Pollack. See 7 J. Moore, Federal Practice, ¶ 60.25 [2] (2d ed. 1954).

1. It is alleged defendants violated or were about to violate 15 U.S.C. §§ 77e(a) and (c) and 77q(a); and 15 U.S.C. § 78j(b) and SEC Reg., 17 CFR 240.10b–5. The SEC's authority to bring this action is found in 15 U.S.C. §§ 77t(b) and 78u (e). Jurisdiction of this Court is predicated on 15 U.S.C. §§ 77v(a) and 78aa.

2. One attempt to serve defendant failed when the woman who answered the door shoved the court agent and summons back out of the door.

3. Rule 54(a) provides: " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies. * * * " An appeal may be taken from the granting of a preliminary injunction. 28 U.S.C. § 1292(a).

4. Rule 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."
Since defendant does not claim excusable neglect, surprise, newly discovered evidence or the like, no other paragraph in Rule 60(b) can be applicable.
Defendant's only excuse for failure to make this motion before the May 7 judgment is that if he made an appearance to argue the court's lack of jurisdiction over defendant, then the court would have unconstitutionally obtained jurisdiction over defendant, because "special appearances" are not allowed. Such an argument is utterly without merit. See 2A J. Moore, Federal Practice, ¶12.02–.03.

It is claimed that the court lacked jurisdiction over defendant because plaintiff elected to serve defendant under New York State's long-arm statutes and under New York State law (as limited by the federal Constitution) the service was invalid.[5]

When service of process is challenged, the court is faced with answering two principal questions. Is the court authorized to allow plaintiff to serve an out-of-state defendant? If so, was the manner of service proper? In this case, as is explained, *infra*, the answer to both questions is yes, not because a New York state court is authorized to serve defendant, but because a federal statute authorizes nationwide service in this action and because the manner of service conformed to the manner prescribed in Rule 4(e).

Jurisdiction of this action is based on 15 U.S.C. §§ 77v(a) and 78aa which authorize service of process on non-resident defendants in any district of which defendant is an inhabitant. See, e. g., Cooper v. North Jersey Trust Company, 250 F.Supp. 237 (S.D.N.Y.1965); Stella v. Kaiser, 82 F.Supp. 301 (S.D.N.Y.1948), aff'd on other grounds, 218 F.2d 64 (1954); Moore v. Gorman, 75 F.Supp. 453 (S.D.N.Y.1948).

■ Because defendant was served at his home in Fort Lee, New Jersey, there can be no question but that service was authorized in this case.

■ The only question remaining is whether the manner of service was proper. Neither of the two federal statutes authorizing service to out-of-state defendants, *supra*, prescribe the manner of service. In such a case, Rule 4(e) states that the manner must be in accordance with the Federal Rules.[6] When a defendant has not been personally served, as in this case, Rule 4(d) 7 governs, which allows the summons and complaint to follow the manner prescribed by the state law of the district where the trial is held. Here, that means New York State law. New York Civil Practice Law & Rules § 308 (McKinney Supp.1969) and § 313 (McKinney 1963) prescribe the manner of serving an out-of-state defendant when he cannot be served personally. Section 308 says:

Personal service upon a natural person shall be made:

\* \* \* \* \* \*

(3). where service under paragraph one cannot be made with due diligence, by mailing the summons to the person to be served at his last known residence and either affixing the summons to the door of his \* \* \* dwelling house or usual place of abode \* \* \*.

When, after six attempts at personal service, the person appointed by this court for the purpose of making service nailed the summons and complaint on the door of defendant's home and mailed a copy to his home, New York's prescription for the manner of service was followed.[7] Therefore, service was proper.

5. Defendant claims that he had not had such contacts in New York State "as to constitutionally afford the courts of New York jurisdiction over his person." Memorandum of Pollack in Support of Motion to Dismiss, p. 8.

6. Rule 4(e) :
   Whenever a statute of the United States \* \* \* provides for service of a summons \* \* \* upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute \* \* \* or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. \* \* \*

7. Section 308's language talks only about in-state service, but Section 313 allows in-state procedures to be used for out-of-state service. Section 313 limits the authority to use this manner of service to defendants who have certain minimum contacts with the state. See New York Civil Practice Law & Rules § 302 (McKinney's 1963). This state limitation on the authority to serve an out-of-state defendant (designed to make this section con-

Defendant argues that even if the summons and complaint were served properly, the two notices of motion for preliminary injunction were defective. The two notices were mailed on April 10 and April 23. Under Rule 5(b), "Service by mail is complete upon mailing." But defendant contends that these notices were improper because he had not been served the summons and complaint and, therefore, was not yet a party to the action at the time these notices were mailed. Such an argument is meritless. If this hypertechnical argument were to be accepted by this court, then other defendants would be encouraged to engage in similar machinations to avoid service of process and thereby obstruct and delay the administration of justice.[8]

Therefore, this court pursuant to Rule 60(b) denies defendant's motion to set aside the default judgment.

---

sistent with the state authorization section) is inapplicable because the authority for out-of-state service here is based on federal statutes.

8. Even if there was slight error in form, the court in its sound discretion would deem it harmless error under Rule 61, for defendant has not attempted to show any specific prejudice from the alleged irregularities in the manner of service.