■ NORMAN SOLOVAY, as Attorney-in-Fact for LOUIS SOLOVAY, Appellant, v GREATER NEW YORK SAVINGS BANK, Defendant, and LAW OFFICE OF ROBERT P. CARLSON, Respondent. [603 NYS2d 124] —Order, Supreme Court, New York County (Stephen G. Crane, J.), entered on or about November 9, 1992, which granted defendant The Law Office of Robert P. Carlson's ("Carlson") motion to dismiss the third cause of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, unanimously affirmed, with costs.

Plaintiff, possessor of two purportedly valid statutory short form powers of attorney pursuant to General Obligations Law § 5-1501 *et seq.,* presented the powers to defendant The Greater New York Savings Bank ("Bank"), along with a letter from the principal's physician, in order to gain access to accounts and a safe deposit box held by the Bank. Plaintiff alleges that the Bank, on advice of its counsel, refused to honor them, in violation of General Obligations Law § 5-1504, claiming that one of the powers was too old and the other was executed when the principal was incompetent.

Plaintiff brought suit against the Bank's counsel, Carlson, alleging that because he failed to inform the Bank of its duty to honor the statutory short form powers of attorney and conspired with the Bank to develop an excuse for not honoring the powers, he knowingly and willfully aided and abetted the Bank's alleged violation of General Obligations Law § 5-1504 and "crossed the line separating advocacy from complicity."

Plaintiff has failed to state a cognizable cause of action. There is no substantive tort of conspiracy *(Alexander & Alex-*

*ander v Fritzen,* 68 NY2d 968). " 'The actionable wrong lies in the commission of a tortious act, or a legal one by wrongful means, but never upon the agreement to commit the prohibited act standing alone' " *(Hickey v Travelers Ins. Co.,* 158 AD2d 112, 118, quoting *Cuker Indus. v Crow Constr. Co.,* 6 AD2d 415, 417). In this case, the alleged prohibited act was refusal to honor the allegedly valid powers. Even if such refusal were a tortious act, Carlson did not commit it, the Bank did. No specific wrongful acts on Carlson's part have been alleged *(see, Gould v Community Health Plan,* 99 AD2d 479, 480). Concur—Sullivan, J. P., Rosenberger, Ellerin and Wallach, JJ.