Ayatollah ORAFAN et al., Plaintiffs,

v.

Cyril RASHID, et al., Defendants.

No. 06–2951–pr.

United States Court of Appeals,
Second Circuit.

Sept. 28, 2007.

Aaron O. Lavine and Claire E. Coleman, Sullivan & Cromwell, New York, NY, for Plaintiffs.

Kate H. Nepveu, Assistant Solicitor General, New York State (Attorney General, New York State, on the brief; Caitlin J. Halligan, Solicitor General, and Daniel Smirlock, Deputy Solicitor General, New York State, of counsel), Albany, NY, for Defendants.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Circuit Judges, Hon. PAUL A. CROTTY, District Judge.**

## SUMMARY ORDER

Plaintiffs appeal the District Court's grant of summary judgment, entered on January 17, 2006, 411 F.Supp.2d 153, dismissing plaintiffs' claims that (1) the failure of the New York State Department of Corrections ("DOC") to provide them with a Friday congregate prayer service led by a Shiite, rather than Sunni, Muslim violates their rights under the Religious Land Use and Institutionalized Persons Act, ("RLUIPA"), 42 U.S.C. §§ 2000cc–1(a); and (2) the DOC treats them less favorably than non-Shiite inmates, in violation of the Equal Protection Clause of the Fourteenth Amendment.

"We review the District Court's grant of summary judgment *de novo.*" *Jeffreys v. City of New York,* 426 F.3d 549, 553 (2d Cir.2005). Summary judgment is appropriate only if "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c).

** The Honorable Paul A. Crotty, Judge, United States District Court for the Southern District of New York, sitting by designation.

"A fact is material ... when it might affect the outcome of the suit under the governing law. An issue of fact is genuine if the evidence is such that a reasonable jury could [have] return[ed] a verdict for the [appellant]." *Jeffreys*, 426 F.3d at 553. In reviewing the record, we "construe the evidence in the light most favorable to the [appellant], drawing all inferences in [appellant's] favor." *Id.* "The burden of demonstrating that no material fact exists lies with the party seeking summary judgment." *Id.*

The record reveals unresolved issues of material fact relevant to the questions of (1) the burden that the denial of a Friday congregate prayer service placed on plaintiffs' religious exercise; and (2) whether the DOC is able to accommodate plaintiffs' request for a Shiite-led Friday congregate prayer service without jeopardizing legitimate penological objectives.

Accordingly, we VACATE the District Court's order of January 17, 2006, granting summary judgment in favor of defendants, and REMAND the cause to the District Court for further proceedings consistent with this order.

The mandate shall issue forthwith.