DFI Communications, Inc., Respondent-Appellant, v Sanford Greenberg, Appellant-Respondent.

First Department, April 6, 1976

*Howard F. Brenner* for appellant-respondent.

*Michael E. Schoeman* of counsel *(Williamson & Schoeman,* attorneys), for respondent-appellant.

Birns, J. The main point raised on appeal by defendant is the alleged error of the trial court in rejecting defendant's offer of proof that the minutes of the April 30, 1971 meeting of the board of directors of plaintiff reflect an agreement between plaintiff and defendant modifying their previous agreements for the purchase of stock by and employment of defendant.

The purchase and employment agreements, both in writing, were executed on February 13, 1969.

The purchase agreement provided that "this agreement may not be changed or terminated orally." The employment agreement stipulated that it "may not be changed, rescinded, altered or amended except by an agreement had in writing and signed by both of us."

Thereafter, defendant asserting a temporary inability to

meet his purchase obligations, obtained from plaintiff a change in the terms of payment of the second installment thereof, which he successfully met. Defendant, on a second occasion, brought his financial inability to meet the terms of the purchase agreement to the attention of plaintiff's board of directors and offered to secure sufficient funds to pay an amount identical to that of his last payment, if in consideration thereof he would not be required to meet any of his remaining obligations under the purchase agreement.

Defendant asserts that on April 30, 1971, plaintiff's board of directors agreed to accept this proposal, upon condition that defendant's salary be reduced until such time as plaintiff was operating profitably or in the alternative that defendant should assume the duties of controller of plaintiff.

Defendant maintains that he accepted the conditions and undertook to inform plaintiff shortly of his decision whether to accept the reduced salary or the new duties, that he subsequently tendered the sums required by the stock purchase agreement as modified and advised plaintiff of his decision to accept a reduced salary. This tender was rejected.

At trial, in order to defeat plaintiff's claim for the sums due under the purchase agreement, defendant offered to produce in evidence the minutes of the April 30, 1971 meeting of plaintiff's board of directors as proof of the alleged agreement between the parties modifying the purchase and employment agreements of February 13, 1969.

Although defendant offered the minutes as a memorandum of an oral agreement modifying the purchase and employment agreements under section 5-701 of the General Obligations Law, the court below disallowed defendant's offer, holding that the minutes were insufficient as a matter of law to satisfy the requirements of section 15-301 of the General Obligations Law which it deemed applicable to the case at bar. As a result, defendant had no defense to plaintiff's causes of action and judgment in favor of plaintiff was accordingly directed. We hold the Judge below was correct.

Section 15-301 of the General Obligations Law provides, so far as applicable, that: "1. A written agreement * * * which contains a provision * * * that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought".

Section 5-701 provides that "every agreement, promise or

undertaking" referred to therein "is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith".

Subdivision 1 of section 15-301 sets forth the method by which a written agreement containing a provision that it cannot be changed orally may be changed. In clear, specific terms we find the substantive requirement that a change of such written agreement may be accomplished by an executory agreement if such executory agreement is in writing and signed by the party against whom enforcement of the change is sought. Thus, if an agreement provides that modifications must be in writing, the parties may not make changes in contract obligation except in conformance with this section.

The legislative history of this section discloses that its purpose was to fill the gap left by the demise of the seal. (McKinney's Cons Laws of N Y, Book 23A, Practice Commentary, p 588.) The Law Revision Commission, in 1941, in recommending amendment of section 33-c of the Personal Property Law, section 282 of the Real Property Law and section 342 of the Civil Practice Act the predecessor sections to subdivision 1 of section 15-301 of the General Obligations Law, stated that: "Under present section 342 of the Civil Practice Act, a sealed instrument cannot be modified * * * by an executory agreement unless such agreement is in writing and signed by the party to be charged." (1941 Report of NY Law Rev Comm, p 573.)

The Law Revision Commission observed that the proposed amendments would allow the same result to be accomplished by the inclusion in a written agreement or other instrument of an express provision that the agreement or instrument cannot be modified orally. (NY Legis Doc, 1941, No. 65[M]; 1941 Report, Recommendations and Studies, pp 512-518, 571-575; McKinney's Cons Laws of NY, Book 23A, Note of Commission, p 588.)

The thrust of section 5-701 of the General Obligations Law is unlike that of subdivision 1 of section 15-301. Section 5-701, essentially, is concerned with evidence required to overcome the bar of the Statute of Frauds in connection with the certain specified agreements. The purpose of this section is to prevent the perpetration of fraud by assertion of claims not evidenced by a written agreement or by a note or memorandum containing essential terms of the contract between the parties *(Cohon & Co. v Russell,* 23 NY2d 569, 574).

It may very well be that, insofar as an executory contract changing the terms of a written agreement is concerned, compliance with the requirements of section 5-701 would be sufficient to prevent the perpetration of fraud. However, subdivision 1 of section 15-301 as intended by the Legislature, not section 5-701, is the applicable statutory provision. In the absence of compliance with the requirements of subdivision 1 of section 15-301, an executory agreement ostensibly changing the terms of a previous written agreement which stated that it may not be changed orally, is of no force and effect. A note or memorandum of such executory agreement does *not* constitute compliance with said subdivision 1 of section 15-301.

This court has heretofore considered the nature of the evidence required to satisfy subdivision 1 of section 15-301. In *Bakhshandeh v American Cyanamid Co.* (8 AD2d 35, affd 8 NY2d 981) plaintiff claimed modification of a contract by relying upon two writings: (1) a sheet of paper on which defendant's representatives set forth, but did not sign, the terms of the claimed agreement, and (2) two letters written by defendant to another of its representatives in which reference was made to the agreement. The court observed (p 37, RABIN, J.) that "the statute would seem to contemplate a signed writing in the nature of an agreement to alter the original contract * * * In other words, the statute is not satisfied by a written memorandum of an oral agreement. It specifically calls for a written agreement."

We conclude that the alleged minutes offered herein constitute at most a written memorandum and clearly not a "written agreement."

It has been suggested by our dissenting brother that since the minutes "contain a full new agreement between the parties" they comply with both section 5-701 and subdivision 1 of section 15-301. Such is not the case. As a memorandum, the minutes might have been sufficient under circumstances not present here to meet the bar of the Statute of Frauds (§ 5-701). They do not, however, meet the standards of subdivision 1 of section 15-301, which the circumstances of the case at bar necessitate. Compliance with section 5-701 is not a substitute for compliance with subdivision 1 of section 15-301. The basic form of a purported modification agreement to comply with subdivision 1 of section 15-301, should match the formality of the original agreement *(Bakhshandeh v American Cyanamid Co., supra).*

Hence, the verdict below in favor of plaintiff should not be disturbed.

As to the appeal and cross appeal relating to defendant's counterclaims, the court's charge was correct and the verdict pursuant thereto was proper and not against the weight of evidence.

Accordingly, the judgment of the Supreme Court, New York County (MERTENS, Acting Justice, and a jury), entered April 28, 1975, as well as the order entered May 30, 1975, denying defendant's motion for a new trial, should be affirmed, without costs and without disbursements.

NUNEZ, J. (dissenting). In my view the resolution of the plaintiff's board of directors incorporated in the minutes of the meeting held on April 30, 1971 accepting defendant's offer for a modification of the original agreement, and duly signed by the secretary of the plaintiff corporation, constitutes a writing sufficient to satisfy the requirements of the Statute of Frauds and the General Obligations Law. The minutes contain the full new agreement between the parties. The provision that the original contract may not be changed or terminated orally, and the requirements for a writing under the statutes are designed to prevent fraud by the assertion of false claims based on oral agreements. Here we have the requisite writing signed by the party against whom the claim is made. I would reverse and remand for a new trial.

MURPHY, J. P., SILVERMAN and LANE, JJ., concur with BIRNS, J.; NUNEZ, J., dissents in an opinion.

Judgment and order, Supreme Court, New York County entered on April 28, 1975, and May 30, 1975, respectively, affirmed, without costs and without disbursements.