OPINION OF THE COURT
Norman C. Ryp, J.
issue
What is the state of the law in employment contracts? Empire State (New York) statutory or Inland Empire State (Illinois) case law? That is the choice of law question herein.
FACTS
This commercial nonjury action was submitted by agreement in open court on March 26, 1976, subject to each party’s right to subsequently submit factual and legal memoranda, upon plaintiff’s first cause of action for breach of employment contract. Plaintiff’s second cause of action was settled for the sum of $2,500 and the third cause of action discontinued, without prejudice.
In the first cause of action, plaintiff, an attorney admitted to both the New York and New Jersey State Bars as well as a commercial and investment banker, sues to recover one month’s salary, $3,333.33, as damages for breach of a written month-to-month employment contract, dated September 6, 1972 (Exhibit 1). Defendant, a Delaware corporation, is in the executive-search business, with offices in various cities, including Chicago and New York City. Defendant, by its New York senior vice-president (Gerard R. Roche [Roche]), hired plaintiff, after a considerable period of negotiations in New York City covering terms and amount of compensation and employment and culminating in Exhibit 1, as a professional or executive-search associate.
Exhibit 1, drafted by defendant, provided (in addition to continuance until terminated, a salary of at least $3,333.33 a month, employee’s faithful, full-time service, co-operation and no competition for two years after termination except by prior written consent) pertinently herein, as follows:
Paragraph 4: "This contract may be terminated at any time by either party by giving not less than thirty (30) days’ prior written notice to the other party; and each party agrees to give to the other not less than thirty (30) days’ prior written *820 notice of its or his intention so as to terminate this contract.” (Emphasis added.)
Paragraph 6: "This contract constitutes the entire employment agreement between the parties, there are no terms or conditions not set forth herein; and no amendment or supplement to this contract shall be valid unless in writing signed by the parties hereto. ” (Emphasis added.)
Paragraph 8: "Any notice required * * * to be given hereunder shall be deemed sufficiently given if sent by registered mail, postage prepaid, addressed to the party to whom such notice is to be given at its or his address last furnished in writing to the other party for that purpose, or if such * * * not * * * so furnished, then * * * as indicated below.”
Paragraph 9: "This contract shall be construed and enforced in accordance with and governed by the laws of the State of Illinois. ” (Emphasis added.)
Exhibit 1 was duly executed in defendant’s New York City office, with plaintiff giving his residence (New Jersey) address and defendant, by Roche, giving its Illinois office address, on or about September 6, 1972.
Thereafter, plaintiff commenced employment in defendant’s New York City office and continued employment until March 15, 1974, according to defendant, or July 15, 1974, according to plaintiff. Both parties agree that on July 15, 1974, plaintiff was terminated from defendant’s payroll and never received any written notice of termination. Such, plaintiff contends, is required by both paragraph 4, Exhibit 1 above, and subdivisions 1 and 4 of section 15-301 of the General Obligations Law, thus entitling plaintiff to one month’s ($3,333.33) salary under his remaining first cause of action. In opposition, defendant claims, under subject facts and circumstances, waiver, estoppel and abandonment of paragraph 4, compliance with Illinois and New York (including General Obligations Law, § 15-301) laws and four months’ actual notice.
Section 15-301 of the General Obligations Law pertinently provides as follows:
"1. A written agreement or other written instrument which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent * * *
*821 "4. If a written agreement or other written instrument contains a provision for termination or discharge on written notice by one or either party, the requirement that such notice be in writing cannot be waived except by a writing signed by the party against whom enforcement of the waiver is sought or by his agent.” (L 1963, ch 576, eff Sept. 27, 1964 [emphasis added].)
LAW AND APPLICATION
An express choice of law clause, as herein, in a contract, under the autonomy principle, has been the subject of recent scholarly review. (See 58 Cornell L Rev 433-536, "Choice of Law to Determine the Validity and Effect of Contracts: A Comparison of English and American Approaches to the Conflict of Laws”; Restatement, Conflict of Laws 2d, § 187, subd [2].) The autonomy principle applies the law of the State chosen by the parties to govern their contractual rights and duties unless: "(a) the chosen state has no substantial relationship to * * * or * * * reasonable basis for the parties choice, or (b) [such is] contrary to a fundamental public policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue.” (Emphasis added.) (Restatement, Conflict of Laws 2d, § 187, subd [2], pars [a], [b], i.e., the Statute of Frauds and contracts of adhesion or unconscionability.)
In New York and Illinois, such is recognized in commercial contracts under section 1-105 of the Uniform Commercial Code, inapplicable herein, and by the New York Court of Appeals as the traditional view, but not rigidly followed under the more modern "center of gravity” (Rubin v Irving Trust Co., 305 NY 288), "interest analysis” (Auten v Auten, 308 NY 155), "significant contacts” (Haag v Barnes, 9 NY2d 554) or "paramount interest” approach (Intercontinental Planning v Daystrom Inc., 24 NY2d 372).
In the subject facts, the chosen State of Illinois (see Exhibit 1, par 9) appears to have no "substantial relation to or reasonable basis for” the parties, except as the signatory and notice (see Exhibit 1, par 8) for the Chicago office, as distinct from the New York City office where the contract was executed and performed, of defendant, a Delaware corporation.
In New York, the unconscionability doctrine or contracts of adhesion has been increasingly, though slowly, recognized by *822 the courts (Wilson Trading Corp. v David Ferguson, Ltd., 23 NY2d 398) and the State Legislature, covering leases (Real Property Law, § 235-b) and contracts under subdivision 2 of section 2-302 of the Uniform Commercial Code. Such is claimed by plaintiff, however, this court finds, in fact and law, is inapplicable herein. The court notes that plaintiff was and is an experienced and competent commercial lawyer, who extensively negotiated subject employment contract (Exhibit 1), well able to protect his legal rights and remedies and bargaining power to prevent substantial injustice. (See Restatement, Conflict of Laws 2d, § 187, comment b.)
So far as the Statute of Frauds (General Obligations Law, § 15-301) is concerned herein, conflict of laws principles, whether emanating from Illinois, New York or the Restatement, make New York law (General Obligations Law, § 15-301) applicable herein. In Illinois, the courts have held its Statute of Frauds substantive, and applied lex loci (New York herein) (see Murdock v Calgary Colonization Co., 193 Ill App 295; Oakes v Chicago Fire Brick Co., 311 Ill App 111). The New York courts originally held the Statute of Frauds procedural or evidentiary, applying lex fori (Reilly v Steinhart, 217 NY 549) [also New York herein], but more recently deemed such question unsettled, characterizing the issue (i.e., whether the Statute of Frauds is substantive or procedural) as restating the problem with less relevance to the modern "paramount interest” approach to conflict of laws. (Intercontinental Planning v Daystrom Inc., 24 NY2d 372, 381-382, supra.) Similarly, there is a public policy in New York which is the basis of the Statute of Frauds, including section 15-301 of the General Obligations Law, namely: to prevent fraud and perjury in the making and enforcement of contracts. (See Rubin v Irving Trust Co., 305 NY 288, supra; see, also, Comment Note —Statute of Frauds and Conflict of Laws, Ann., 47 ALR3d 137-174.) Thus, under the Restatement rule, New York law applies. Since subject employment contract was negotiated, executed and totally performed and terminated in the State of New York, this Empire State appears clearly to be the "center of gravity” (Rubin v Irving Trust Co., supra), and under "interest analysis” (Auten v Auten, 308 NY 155, supra), having the most "significant contacts” (Haag v Barnes, 9 NY2d 554, supra) and "paramount interest” (Intercontinental Planning, supra). Since the alleged termination was prospective, according to both parties though each differs as to date *823 and manner, the contract was still executory and subdivisions 1 and 4 of section 15-301 of the General Obligations Law, including its written requirements, applies herein. (See Chemical Bank v Wasserman, 45 AD2d 703, affd 37 NY2d 249; DFI Communications v Greenberg, 51 AD2d 403; Perkins & Will [Syska & Hennessy], 50 AD2d 226.)
Finally, defendant’s contentions of waiver, estoppel and abandonment in the absence of clear evidence of assent of both parties, not proven here, would negate an essential purpose of the statute (General Obligations Law, § 15-301) to clarify an inconsistency between its predecessor (Personal Property Law, § 33-c) and the New York Court of Appeals in Green v Doniger (300 NY 238). (See 1952 Report of NY L Rev Comm., p 141 et seq., amdt to Personal Property Law, § 33-c, L 1952, ch 831; Chemical Bank N. Y. Trust Co. v Liebman, 50 AD2d 492.)
CONCLUSION
Accordingly, for the foregoing reasons, plaintiff is entitled to recover the sum of $3,333.33 on his remaining first cause of action, without interest or costs, which defendant, by its attorneys, shall pay to plaintiff, by his attorney, within 20 days after service of a true copy of this decision and order by plaintiff upon defendant or counsel.