■   GEORGE WEINTRAUB, Appellant, v RAPID-AMERICAN CORP. et al., Respondents. GEORGE WEINTRAUB, Respondent, v RAPID-AMERICAN CORP. et al., Appellants.—Order, Supreme Court, New York County, entered December 16, 1976, denying plaintiff's cross motion to depose Meshulam Riklis, the

chairman of the board of defendant Rapid-American Corp., unanimously modified, on the law and in the exercise of discretion, without costs and without disbursements, and the cross motion granted only to the extent of permitting an examination of Meshulam Riklis solely on the issue of whether there was a writing to evidence the contract of employment sued upon and otherwise affirmed. Such examination shall proceed at a time and place to be held in a written notice of not less than 10 days to be given by the plaintiff, or at such other time and place as the parties may agree. Plaintiff shall serve such notice within 30 days after entry of the order hereon. Order, Supreme Court, New York County, entered October 20, 1976, denying defendant Rapid-American Corp.'s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs and without disbursements, with leave to renew the motion after the conclusion of the deposition of said defendant by its chairman, Meshulam Riklis. Whether plaintiff may sustain a cause of action for breach of a five-year contract of employment turns on the existence of a written memorandum to evidence the contract, signed by a duly authorized agent of the corporate defendant. In the absence of such a writing, the claim is barred. (General Obligations Law, § 5-701, subd a, par 1.) For purposes of the motion for summary judgment, defendant conceded the existence of an oral agreement, encompassing the terms alleged by plaintiff. However, none of the documents upon which plaintiff relied to defeat the motion satisfies the statutory requirements of a writing. While plaintiff has examined defendant by one of its officers, who produced all the records and writings called for which relate to this claim, he should be afforded the opportunity to depose Meshulam Riklis, chairman of the board and defendant's chief executive officer, inasmuch as it was he who negotiated with plaintiff as regards the employment contract. Were it not for the possibility that Riklis has knowledge of the existence of a competent note or memorandum of such agreement, we would have granted summary judgment dismissing the complaint. Our affirmance therefore is with leave to renew the motion after the deposition of Riklis is concluded, should defendant be so disposed. Concur—Kupferman, J. P., Silverman, Evans, Lane and Sullivan, JJ.