TRI-STATE EQUIPMENT COMPANY, INC.
*v.* M. C. TEDDER

81-9                                    614 S.W. 2d 938

Supreme Court of Arkansas
Opinion delivered May 4, 1981

*Bill D. Etter*, for appellant.

*Branch & Thompson*, by: *Robert F. Thompson*, for appellee.

STEELE HAYS, Justice. Appellant, Tri-State Equipment Company, sold certain machinery to appellee, M. C. Tedder. Upon Tedder's failure to make payments on the equipment, Tri-State sued for replevin. Tedder answered that the

contract for the sale of the equipment was usurious and therefore void. Tri-State is a Tennessee corporation admitted to do business in Arkansas. It concedes that if Arkansas law applies, the contract is usurious and void. Tri-State contends that effect must be given to a provision in the "Security Agreement (Conditional Sales Contract)" signed by both parties, stating that the contract is to be governed by Tennessee law, and that the contract is not usurious under Tennessee law. The court below found the contract to be an Arkansas contract and void under Arkansas law as being usurious. We agree.

The evidence is uncontroverted that all negotiations surrounding the transaction were conducted in Arkansas — the equipment was ordered and delivered in Arkansas, the contract was signed in Arkansas, Tedder's trial and approval occurred in Arkansas, and the sales tax on the transaction was paid in Arkansas.

In early June, 1979, Tedder contacted a representative of Tri-State in Jonesboro concerning the lease of a Komatsu Dozer Shovel, a front-end loader. Tri-State's representative met with Tedder at Paragould and placed an order for the equipment for a two-day trial demonstration. Tedder decided to purchase the equipment and signed a "Note and Disclosure Statement" dated June 14, 1979, which provided that the contract was to be governed by Arkansas law. Later, the parties signed a "Security Agreement (Conditional Sales Contract)" dated June 28, 1979, which provided that the contract was not to take effect until it was accepted by Tri-State's office in Memphis and that the contract was to be governed by Tennessee law. Tedder maintains that this was when he learned that Tri-State was not located in Jonesboro but in Tennessee.

In an almost identical case, *Standard Leasing Corporation v. Schmidt Aviation, Inc.*, 264 Ark. 851, 576 S.W. 2d 181 (1979), this court held that a contract substantially executed and performed in Arkansas was in fact an Arkansas contract governed by the laws of this state, notwithstanding stipulations by the parties in the contract itself to the contrary. The opinion states:

Finally, we cannot sustain the argument that the contract is governed by the law of Tennessee, as the instrument recites, rather than by the law of Arkansas. ... The seller sent its representatives to Arkansas where the actual sale occurred. The Arkansas sales tax was paid. The air compressor was delivered and installed by the seller in Arkansas. Efforts by the seller to repair it were made in Arkansas. The original written contract was prepared and signed by Schmidt in Arkansas. It may have been accepted and approved in Memphis, where Standard Leasing has an office, although the testimony is not positive on this point. ... Essentially it was an Arkansas contract, governed by Arkansas law. *Standard Leasing*, at 855-856.

The facts of this case are substantially the same as those presented in *Standard Leasing*. From the evidence presented, the chancellor could certainly conclude that in spite of a provision to the contrary, the contract was an Arkansas contract and should be governed by Arkansas law. We will not reverse the findings of the chancellor unless they are clearly contrary to the preponderance of the evidence. *Digby* v. *Digby*, 263 Ark. 813, 567 S.W. 2d 290 (1978); *Minton* v. *McGowan*, 256 Ark. 726, 510 S.W. 2d 272 (1974).

We therefore affirm.

HOLT, J., not participating.