**F. H. KREAR & COMPANY, Plaintiff,**

v.

**19 NAMED TRUSTEES, Defendants & Third & Fourth Party Plaintiffs,**

v.

**Anthony GRAUSO, et al., Third Party Defendants,**

**and**

**Robert Mozer, Third & Fourth Party Defendant.**

No. 79 Civ. 6687 (KTD).

United States District Court, S. D. New York.

Aug. 14, 1981.

Levy, Gutman, Goldberg & Kaplan, New York City, for plaintiff; Harvey M. Katz, Washington, D. C., of counsel.

Eisner, Levy, Steel & Bellman, P. C., New York City, for defendants; Lewis M. Steel, New York City, of counsel.

Shea & Gould, New York City, for defendant and movant, John F. Leaver, Peter D. Stergios and Fran M. Jacobs, New York City, of counsel.

Michael G. Berger, New York City, for Grauso and Software & Systems Development Co.

KEVIN THOMAS DUFFY, District Judge:

F. H. Krear & Company commenced this breach of contract action against 19 defendants as individuals and trustees of the Local 69 Hotel, Restaurant Employees, and Bartenders Union's Health, Vacation and Pension Funds [the "Funds"]. The defendants, as third party plaintiffs, subsequently brought claims against third party defendants Anthony M. Grauso and Software Systems Development Company [the "Defendants"], their former consultants on the Krear contract for both the trustees and Local 69.

The Defendants have interposed three counterclaims against defendant trustee John F. Leaver. Only the second and third counterclaims asserted against Leaver are

at issue here. Defendants allege in their second counterclaim that Leaver, as secretary/treasurer of the Local, breached a five year written consulting agreement between the Local and the Defendants. In their third counterclaim, they claim that Leaver participated in a conspiracy to induce the Funds' trustees to breach a separate consulting agreement between the Funds and the Defendants.

Leaver responded to the second counterclaim for breach of contract asserting that the alleged five year consulting agreement was not executed in accordance with the Statute of Frauds. His defense to the conspiracy counterclaim is that a party cannot be liable both for conspiracy to induce a breach of contract and also liable, as alleged in the first counterclaim not here at issue, for the actual breach of that same contract.

Leaver now moves for a stay of discovery on Grauso's second and third counterclaims pending the determination of his motion for summary judgment dismissing those counterclaims. Leaver argues that his summary judgment motion involves only questions of law and that further factual discovery by Grauso would neither add to nor detract from the determination of those issues. Leaver also notes that he has already testified with respect to the first counterclaim which charges him with breach of the contract between the Funds and Grauso. He contends that the earlier deposition is adequate and more discovery would be unduly burdensome.

█ Leaver's motion to stay discovery is denied as to the second counterclaim. Leaver's position with respect to the Statute of Frauds defense to the second counterclaim is not now so strong as to preclude the usefulness of more discovery. Further testimony by Leaver could establish the existence of writings sufficient to satisfy the Statute of Frauds. While it is true that Grauso admitted that he personally did not sign the alleged agreement, some other authorized member of Software Systems may have done so.

Further, nothing in the record indicates that additional testimony from Leaver would be duplicative of the earlier deposition which addressed primarily the first counterclaim. As noted, relevant information might be obtained. Consequently, Leaver has not met his burden of showing the need for a protective order in the form of a stay of discovery with respect to the second counterclaim. 4 Moore's Federal Practice ¶ 26.69, pp. 29–496 (2d Ed. 1974).

█ Leaver's motion to stay discovery with respect to the third counterclaim is granted. Leaver's motion for summary judgment dismissing this counterclaim is based solely on a legal argument that the Defendants cannot impose liability on Leaver for both breaching and conspiring to induce the breach of the same agreement. Further discovery into the merits of the conspiracy claim would be irrelevant to the determination of Leaver's argument. If Leaver's motion to dismiss the third counterclaim is denied, the Defendants may then renew their request for discovery on the substance of the conspiracy claim.

In sum, Mr. Leaver's motion to stay discovery is denied as to the second counterclaim and granted as to the third counterclaim.

SO ORDERED.