■ CLIFFS MANAGEMENT CORPORATION et al., Respondents, v GREAT EASTERN MANAGEMENT CORP. et al., Appellants. — Order of the Supreme Court, New York County (D. Kent, J.), entered February 19, 1981, denying defendants-appellants' motion for summary judgment unanimously reversed to the extent appealed from, on the law, and defendants' motion is granted, without costs, and otherwise affirmed. Plaintiffs entered into a written contract dated July 18, 1973 to purchase over 99% of the defendants' subsidiary company, Insco, which was engaged in the insurance business. Closing was set for August 17, 1973 and a payment of $100,000 was made against the total purchase price. The defendants then moved the office and employees of Insco into premises leased by the plaintiffs. The plaintiffs contend that the parties

orally modified their original agreement inasmuch as an Insurance Department report on Insco was allegedly withheld from them. Subsequently, when the defendants refused to close on the "revised terms" and removed the office of Insco out of the plaintiffs' premises, the instant action was commenced. The agreement of sale sets forth, in article 10, the provision that all amendments were to be in writing and approved by the respective boards of directors. Additionally, the agreement provided that the plaintiffs were to secure the approval of the Insurance Department of New York. It seems clear from the agreement that the report of the Insurance Department, which criticized the way Insco was being managed, was disclosed to the plaintiffs. Indeed, plaintiffs even initialled the paragraph which contemplates the proposed steps which were needed to comply with the department's recommendations. Defendants-appellants have amply demonstrated that the plaintiffs failed to make the required effort to fulfill their obligations under the contract of sale. The failure to close title on August 17, 1973 by not paying the requisite purchase price and not securing the New York Insurance Department approval of the sale, a requirement under both the contract and the laws of the State of New York (see Insurance Law, § 69-f, subds 1-5), were material breaches of the contract. Plaintiffs' contentions that they were fraudulently induced to enter into the contract because the Department of Insurance report was withheld and that subsequent oral modifications to the contract were agreed to are without merit. Subdivision 1 of section 15-301 of the General Obligations Law clearly sets forth that a written agreement, which contains a provision that the agreement cannot be changed orally, cannot be changed unless such executory agreement is in writing and signed by the party against whom enforcement is sought. Thus, where the only evidence of a modification is oral, as in the case at bar, the writing controls. (*DFI Communications v Greenberg,* 51 AD2d 403, affd 41 NY2d 602.) However, the plaintiffs rely on *Rose v Spa Realty Assoc.* (42 NY2d 338), where the Court of Appeals held that if a party can show that they have been induced into substantial reliance on an oral modification, and conduct has shown such reliance, the other party will be estopped from invoking the statute. Fundamental to this proposition is a showing of reliance. Not only does the agreement mention and discuss the Insurance Department report, but there is no showing of any reliance on the alleged oral modification. "[The] conduct relied upon to establish estoppel must not be otherwise compatible with the agreement as written" (*Rose v Spa Realty Assoc., supra,* p 344). The letter sent by the plaintiffs on December 3, 1973, in which they agree to the "revised terms," does not, by itself, establish the existence of such terms. Some showing of reliance or partial performance, greater than securing the financing, is needed. (See *Federal Deposit Ins. Corp. v Hyer,* 66 AD2d 521.) Plaintiffs-respondents were already required to procure the necessary funds for purchase and to obtain the approval of the Insurance Department. They did not do so. The plaintiffs were well aware that the defendants never agreed to any revision in terms and the November 21, 1973 letter, sent by the defendants, stated this in writing. When it became apparent that the necessary payments were not going to be made and the Insurance Department had indicated that the plaintiffs had abandoned all efforts to secure its approval, defendants sought another buyer. In view of the fact that the parties did not close on the agreed upon date, that the plaintiffs spent the following three months trying to modify the agreement, to no avail, and that the defendants sent notice that they were waiting for performance of the agreement, as signed, it is fruitless to contend that the plaintiffs did not have adequate notice of termination. They caused the breach and now seek to use this against the defendants. In the absence of a bona fide showing of evidentiary facts requiring

trial, summary judgment must be granted. (*Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276; *Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 343.) Concur — Kupferman, J. P., Birns, Sandler and Fein, JJ.