F. H. KREAR & COMPANY, Plaintiff,

v.

NINETEEN NAMED TRUSTEES, Defendants and Third- and Fourth-Party Plaintiffs,

v.

Anthony GRAUSO, et al., Third-Party Defendants,

and

Robert Mozer, Third- and Fourth-Party Defendant.

No. 79 Civ. 6687 (KTD).

United States District Court, S. D. New York.

Aug. 11, 1982.

Shea & Gould, New York City, for defendant and third-party plaintiff John F. Leaver; Peter D. Stergios, Fran M. Jacobs, New York City, of counsel.

Michael G. Berger, New York City, for third-party defendants and counter-claimants, Anthony M. Grauso and Software & Systems Development Co.

KEVIN THOMAS DUFFY, District Judge:

On July 1, 1979, plaintiff F. H. Krear & Company ("Krear") allegedly entered into a contract with the Pension Fund, Vacation Fund and Health Benefits Fund ("the Funds") of Local 69 of the Hotel and Restaurant Employees and Bartenders Union to replace with a computerized system the Funds' manually operated procedures for the collection of contributions and the payments of benefits. Apparently, the Funds stopped making payments under the contract in October, 1979 which led to the instant lawsuit against 19 named trustees of the Funds.[1] The defendant trustee subsequently filed a third-party complaint against computer consultant Anthony Grauso and his partnership Software & Systems

---

1. Krear's complaint and the third-party complaint are all based on federal diversity jurisdiction. 28 U.S.C. § 1332 (1976).

**374**

Development Company ("Grauso"). Grauso had been hired by the Funds, an entity separate from Local 69, "to provide the Funds with expert assistance and counsel in upgrading, improving and automating the procedures and administrative operations of the respective Funds." Defendants' Answer, ¶ 17. In their third-party complaint the Funds assert in essence that Grauso was responsible for the failure of the Krear contract. Grauso interposed three counterclaims in response to the third-party complaint.

The first counterclaim alleges that the Funds breached their five year consulting contract with Grauso. Grauso charges in his second counterclaim that trustee defendant John F. Leaver, in his individual capacity and as an official of Local 69, breached Local 69's five year consulting contract. This contract is alleged to be distinct and unrelated to the Funds' contractual obligation to Grauso. The third counterclaim, also brought against defendant Leaver individually and in his capacity as a Local 69 official, alleges that Leaver conspired to induce the Funds to breach their contract with Grauso. Leaver moves for summary judgment against Grauso on the second and third counterclaims. Leaver argues that Grauso's second counterclaim is meritless because the five year contract allegedly breached does not comport with the Statute of Frauds. With regard to Grauso's third counterclaim, Leaver contends that he cannot be found liable for conspiracy to induce breach of a contract to which he himself is a party.

Leaver moved for summary judgment in November, 1980. The motion was abated pending Grauso's deposition of Leaver. The deposition has now been completed and the motion is now ripe for determination.

A. Grauso's Second Counterclaim

In his second counterclaim, Grauso alleges:

On or about August 1, 1979, Grauso entered into a five year written agreement with Leaver on behalf of Local 69 (the "Local 69 Agreement") pursuant to which Grauso was to provide data processing consulting services to Local 69 in

exchange for which Grauso was to be paid two hundred and fifty ($250.00) dollars per month, or a total of fifteen thousand ($15,000.00) dollars for the said five year period.

Answer to Third-Party Complaint with Counterclaims, ¶ 29. In attempts to uncover the "written agreement" referred to in the counterclaim, Leaver's motion to stay discovery on this issue was denied. See 91 F.R.D. 497 (S.D.N.Y.1981). Further discovery has not revealed any formal or draft agreement between Leaver and Grauso. Instead, Grauso now argues that three bank stubs evidencing separate payments to him by Local 69, letters Grauso sent to Leaver and his contract with the Funds can all be pieced together to provide a document fulfilling the requirements of the Statute of Frauds. Alternatively, Grauso argues that the Statute of Frauds does not apply to this service contract.

Both parties concede that the Funds entered into a five-year written contract with Grauso for his consulting services. Grauso's Exhibit A. Grauso argues that a contract with similar terms and conditions was also entered into with Local 69.

The Statute of Frauds specifically provides in pertinent part:

a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

1. By its terms is not to be performed within one year . . . .

N.Y.Gen.Oblig.Law § 5-701 (McKinney 1981). Grauso correctly argues that a formal written contract is not required to satisfy the statute; however, any writings relied upon to establish a contract must contain the essential terms of the contract. See *Crabtree v. Elizabeth Arden Sales Corp.*, 305 N.Y. 48, 110 N.E.2d 551 (1953).

Grauso's argument is riddled with holes. The stubs, appended to Grauso's papers as Exhibit E, contain the following annotations: Stub 1—"7/27/79 Software & Systems Development Company July Fee 250.00/"; Stub 2—"7/27/79 Software &

Systems Development Company Consul Fees 350.00/"; Stub 3—"8/7/79 Software & Systems Development Company Prof. Fee August 79". These annotations, Grauso contends, prove that payments were made to Grauso for services provided and further manifest a contractual relationship between Grauso and Local 69. No such finding is logically inferred. The Statute of Frauds was intended to prevent the enforcement of a contract based on writings as ambiguous and vague as the ones at issue here. *See DFI Communications, Inc. v. Greenberg,* 51 A.D.2d 403, 405, 381 N.Y.S.2d 880, 883 (1st Dep't 1976), *modified on other grounds,* 41 N.Y.2d 602, 394 N.Y.S.2d 586, 363 N.E.2d 312 (1977). In any event, Grauso's reliance upon the stubs to prove the contract is undermined by the dates on two of the stubs which fall *before* the alleged date of the contract.

■ The letters Grauso offers to bolster his Statute of Frauds argument are equally unsupportive. The letters, all written on Software & Systems Development Company stationery, are either signed by Mr. Grauso or bear his name and are directed to either Leaver or Local 69. *See* Exhibit C to Grauso Affidavit. The Statute of Frauds explicitly states that any writing evidencing the contract is void unless "subscribed by the party to be charged therewith, or by his lawful agent ...." N.Y.Gen.Oblig.Law § 5–701 a (McKinney 1981). Nowhere in these letters does Leaver or his agent's handwriting appear. The letters are therefore valueless to prove a contract.

In *Crabtree,* the New York Court of Appeals stated, that "at least one writing, the one establishing a contractual relationship between the parties, must bear the signature of the party to be charged." 305 N.Y. at 55, 110 N.E.2d at 554. This requirement is essential to the policy behind the Statute of Frauds. If these letters, unsigned by Mr. Leaver, were permitted to bind Local 69, the door would open "to evils the Statute of Frauds was designed to avoid." *Solin Lee Chu v. Ling Sun Chu,* 9 A.D.2d 888, 889, 193 N.Y.S.2d 859, 860 (1st Dep't 1959),

*quoted in Dorman v. Cohen,* 66 A.D.2d 411, 415, 413 N.Y.S.2d 377, 380 (1st Dep't 1979).

■ Even if the letters were signed by Leaver, the terms and conditions of any contract are conspicuously absent from these exhibits. Neither the bank stubs, the letters nor the contract Grauso entered into with the Funds contains any references to a consulting agreement with the Local.[2] The duration of the contract, Grauso's salary, the services to be performed by Grauso and other essential terms of the contract are missing from these documents. Memoranda can satisfy the Statute of Frauds only when the party to be charged signed a writing clearly evidencing his assent to the contract's terms and there is no "doubt that the memorandum contains all the essential terms of the contract." 305 N.Y. at 57, 110 N.E.2d at 555. Substantial doubt exists here as to the terms of an alleged contract between the parties and thus the Statute of Frauds cannot be satisfied.

■ Alternatively, Grauso argues that the Statute of Frauds is inapplicable to this service contract. *Weiss v. Walsh,* 324 F.Supp. 75 (S.D.N.Y.1971), *aff'd,* 461 F.2d 846 (2d Cir. 1972), *cert. denied,* 409 U.S. 1129, 93 S.Ct. 939, 34 L.Ed.2d 262 (1973). *Weiss* held that Fordham University's withdrawal of an offer to a professor provided the basis for a breach of contract action and that the Statute of Frauds was inapplicable to this service contract. The *Weiss* case, however, is contrary to the Statute of Frauds which provides that any contract, whether service or employment, incapable of being performed in one year must be reduced to writing. N.Y.Gen.Oblig.Law § 5–701 a(1). For example, in *Weintraub v. Rapid-American Corp.,* 61 A.D.2d 743, 401 N.Y.S.2d 804 (1st Dep't 1978) the plaintiff's attempt to prove the existence of a five-year employment contract absent compliance with the Statute of Frauds was rejected. Similarly, in *Dorman v. Cohen,* 66 A.D.2d at 411, 413 N.Y.S.2d at 377, the court held that a five-year consulting contract must comply with the requirements of

---

**2.** Grauso's Exhibit B, the minutes of the Joint Meeting of the Local 69 Funds held on June 13, 1979, further support Leaver's summary judg- ment motion. The minutes discuss Grauso's retention as a consultant solely by the Funds and not by the Local.

the Statute of Frauds before it is enforceable. The Statute cannot be circumvented merely by Grauso's assertion that the contract is one for services and not employment. Regardless of Grauso's characterization of the contract, the fact remains that the agreement was to extend for a five-year period.

Grauso's attempts to conform with the Statute of Frauds or to prove that the statute is inapplicable are unavailing. Accordingly, his second counterclaim is dismissed.

## B. Grauso's Third Counterclaim

■ In Grauso's third and final counterclaim he charges Leaver with conspiracy to interfere with Grauso's contractual relationship with the Funds. This counterclaim is brought against Leaver individually and in his capacity as Secretary-Treasurer of Local 69. Grauso's counterclaim ignores the relevant fact that at the time of the alleged conspiracy, Leaver was also a Trustee of the Funds. Leaver's status as Trustee made him a party to the contract with Grauso. It is well settled that a contracting party cannot be liable for conspiracy to induce breach of that contract. *Lewis v. Friedman-Marks Clothing Co.*, 70 A.D.2d 866, 418 N.Y.S.2d 60 (1st Dep't 1979); *Ariate Compania Naviera, S.A. v. Commonwealth Tankship Owners, Ltd.*, 310 F.Supp. 416 (S.D.N.Y.1970).

Mr. Leaver wore the hats of both a union official and a Fund Trustee; nevertheless, a suit naming him in his capacity as an individual and union official cannot abrogate his position as Fund Trustee. In *Cukor Industries, Inc. v. William L. Crow Construction Co.*, 6 A.D.2d 415, 178 N.Y.S.2d 777 (1st Dep't 1958) the court was faced with a similar fact pattern. The plaintiff in *Cukor* sued the defendant Sheperd Construction Company for breach of contract in two causes of action. The third cause of action, however, charged Sheperd, in his distinct role as joint venturer, with civil conspiracy to breach the contract between plaintiff and defendant. The court rejected out of hand the conspiratorial claim against Sheperd "since one contracting party does not have a cause of action against the other for conspiring to breach the contract, or for that matter for inducing the breach . . . ." 6 A.D.2d at 417, 178 N.Y.S.2d at 779. Grauso's conspiracy counterclaim must be similarly rejected.[3]

In sum, Leaver's motion for summary judgment is granted. The second and third counterclaims of Grauso's third-party answer are dismissed.

SO ORDERED.

---

**3.** It is interesting to note that Grauso's opposition papers do not contest dismissal of the third counterclaim.